TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00117-CV






United Copper Industries, Inc. and Texas Natural Resource


Conservation Commission, Appellants




v.




Joe Grissom, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 98-06046, HONORABLE MARGARET COOPER, JUDGE PRESIDING








DISSENTING OPINION







 I respectfully dissent.

 In this case, Grissom's right to a hearing on the permit request is premised on
former section 382.056(d) of the Health and Safety Code, which in turn is qualified by the
limitations found later in that same section and in former section 5.115(a) of the Water Code. See
Act of May 4, 1995, 74th Leg., R.S., ch. 149, § 2, 1995 Tex. Gen. Laws 997 (Tex. Health &
Safety Code Ann. § 382.056(d), since amended); Act of May 28, 1995, 74th Leg., R.S., ch. 882,
§ 1, 1995 Tex. Gen. Laws 4381 (Tex. Water Code Ann. § 5.115(a), since amended). Even
assuming that Grissom is "a person who may be affected" by the granting of the permit, I cannot
agree that the Commission's determination that Grissom's request was unsupported by competent
evidence was invalid, arbitrary, or unreasonable.

 In addition to the statutory requirement that a hearing request be reasonable, the
pre-1999 Water Code required that persons requesting a contested-case hearing offer competent
evidence in support of the request. See Act of May 28, 1995, 74th Leg., R.S., ch. 882, § 1, 1995
Tex. Gen. Laws 4381 (Tex. Water Code Ann. § 5.115(a), since amended). As both parties
acknowledge, Grissom submitted his request without offering any evidence, much less competent
evidence, in support of his request. Despite Grissom's failure to satisfy this statutory
requirement, the majority nonetheless concludes that the only way he can be given a "meaningful
opportunity" to offer competent evidence in support of his request is through a separate contested-case hearing, i.e., a contested-case hearing to determine if he is entitled to a contested-case
hearing.

 In addition to failing to offer any guidance on what constitutes a reasonable hearing
request, the statute is silent as to what form of proceeding, if any, is necessary to make the
preliminary determination of whether the statutory prerequisites for a hearing request are met. 
The Commission addressed this uncertainty by promulgating its own rules to apply in these
circumstances. See 30 Tex. Admin. Code § 55.27(a) (1999). By its rules, the Commission has
provided that to the extent it must decide whether a request for a hearing should be granted, it is
not required to hold a contested-case hearing: "The determination of the validity of a hearing
request is not, in itself, a contested case subject to the APA." 30 Tex. Admin. Code § 55.27
(1999). The Commission is only required to evaluate the hearing request at a scheduled public
Commission meeting where it may decide to proceed in one of four possible ways. (1) 
Consequently, the preliminary determination of whether a request is supported by competent
evidence may be made without ever conducting an adjudicative hearing. Referring the hearing
request to the State Office of Administrative Hearings ("SOAH") for a preliminary contested-case
hearing solely on the issue of whether the request for a hearing should be granted, as the
Commission determined was not appropriate here, is only one available option. See id.
§ 55.27(a)(4). In the event the Commission determines on its own that the hearing request does
not meet the statutory requirements, it may deny the request and proceed to act on the application. 
See id. § 55.27(a)(1).

 Although, as the majority points out, the TNRCC failed to indicate in its notice that
his request needed to be supported by competent evidence, the Water Code as it read in 1995
plainly required that Grissom offer such evidence. Because all persons are charged with
knowledge of the law, Grissom was charged with knowledge of this requirement, even in the
absence of the Commission advising him of this. See Greater Houston Transp. Co. v. Phillips,
801 S.W.2d 523, 525 n.3 (Tex. 1990). Furthermore, contrary to his claim, Grissom had
sufficient opportunity to offer his own evidence in support of his request, as well as to respond
to the challenges United Copper had lodged against his request. See 30 Tex. Admin. Code
§§ 55.21, 55.26(f) (1999).

 As the person requesting the hearing, Grissom--along with United Copper, OPIC,
and the TNRCC director--was free to submit written comments, data, and other information to
support his position that the hearing request should be granted. See 30 Tex. Admin. Code
§ 55.26(f). In a letter sent to Grissom and all the other parties interested in United Copper's
permit application, the Commission stated that, although it would not permit oral argument or
public comment at the meeting on the issue of whether the request should be granted, it might
wish to use the public meeting as a forum to ask questions of the person requesting the hearing. 
The letter also stated that the Commission's decision would be based on "the hearing requests,
written responses to the hearing request, any written replies to those responses, and any response
to questions." (Emphasis added.) Thus, Grissom could have offered evidence in support of his
request or otherwise challenged United Copper's objections to his request at any time up to six
days before the Commission meeting. See id. Although Grissom's ignorance of the evidentiary
requirement at the time he first submitted his request is quite understandable, his failure to offer
competent evidence after receiving United Copper's written response to his request is not so easily
excused. After all, United Copper's response specifically referred to and discussed at length
Grissom's failure to support his request with competent evidence as required by the Water Code.

 Furthermore, Grissom was free to attend the public meetings held for the purpose
of receiving public comment on the permit application, as well as the very meeting where the
Commission evaluated his request. At the latter meeting, Grissom could have responded to any
questions the Commission might have had concerning his request. Despite these opportunities,
Grissom chose not to offer any evidence in support of his request or to otherwise respond to the
challenges United Copper had made to his request. For this reason, I disagree that Grissom was
deprived of a meaningful opportunity to offer evidence in support of his request.

 In light of the clear legislative mandate that those requesting administrative hearings
before the TNRCC support their requests with competent evidence, and in the absence of any
constitutional, statutory, or regulatory provision requiring the Commission to hold a hearing to
make this preliminary determination, I cannot agree that the Commission's decision to deny
Grissom's request on this basis was invalid, arbitrary, or unreasonable. I would therefore sustain
appellant's second issue, reverse the district court's judgment, and render judgment affirming the
Commission's order.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Filed: May 18, 2000

Publish

1. Section 55.27 provides that upon evaluating the hearing request at the scheduled hearing,
the Commission may:


(1) determine that a hearing request does not meet the requirements of this
subchapter, and act on the application; 


(2) determine that a hearing request does not meet the requirements of this
subchapter, and refer the application to a public meeting to develop public
comment before acting on the application; 


(3) determine that a hearing request meets the requirements of this subchapter, and
direct the chief clerk to refer the application to SOAH [State Office of
Administrative Hearings] for a hearing; or 


(4) direct the chief clerk to refer the hearing request to SOAH. The referral may
specify that SOAH should prepare a recommendation on the sole question of
whether the request meets the requirements of this subchapter . . . . If the
commission refers the hearing request to SOAH it shall be processed as a
contested case under the APA.


30 Tex. Admin. Code § 55.27(a).


as free to submit written comments, data, and other information to
support his position that the hearing request should be granted. See 30 Tex. Admin. Code
§ 55.26(f). In a letter sent to Grissom and all the other parties interested in United Copper's
permit application, the Commission stated that, although it would not permit oral argument or
public comment at the meeting on the issue of whether the request should be granted, it might
wish to use the public meeting as a forum to ask questions of the person requesting the hearing. 
The letter also stated that the Commission's decision would be based on "the hearing requests,
written responses to the hearing request, any written replies to those responses, and any response
to questions." (Emphasis added.) Thus, Grissom could have offered evidence in support of his
request or otherwise challenged United Copper's objections to his request at any time up to six
days before the Commission meeting. See id. Although Grissom's ignorance of the evidentiary
requirement at the time he first submitted his request is quite understandable, his failure to offer
competent evidence after receiving United Copper's written response to his request is not so easily
excused. After all, United Copper's response specifically referred to and discussed at length
Grissom's failure to support his request with competent evidence as required by the Water Code.

 Furthermore, Grissom was free to attend the public meetings held for the purpose
of receiving public comment on the permit application, as well as the very meeting where the
Commission evaluated his request. At the latter meeting, Grissom could have responded to any
questions the Commission might have had concerning his request. Despite these opportunities,
Grissom chose not to offer any evidence in support of his request or to otherwise respond to the
challenges United Copper had made to his request. For this reason, I disagree that Grissom was
deprived of a meaningful opportunity to offer evidence in support of his request.

 In light of the clear legislative mandate that those requesting administrative hearings
before the TNRCC support their requests with competent evidence, and in the absence of any
constitutional, statutory, or regulatory provision requiring the Commission to hold a hearing to
make this preliminary determination, I cannot agree that the Commission's decision to deny
Grissom's request on this basis was invalid, arbitrary, or unreasonable. I would therefore sustain
appellant's second issue, reverse the district court's judgment, and render judgment affirming the
Commission's order.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Filed: May 18, 2000

Publish

1. Section 55.27 provides that upon evaluating the hearing request at the scheduled hearing,
the Commission may:


(1) determine that a hearing request does not meet the requirements of this
subchapter, and act on the application; 


(2) determine that a hearing request does not meet the requirements of this
subchapter, and refer the application to a public meeting to develop public
comment before acting on the application; 


(3) determine that a hearing request meets the requirements of this subchapter, and
direct the chief clerk to refer the application to SOAH [State Office of
Administrative Hearings] for a hearing; or 


(4) direct the chief clerk to refer the hearing request to SOAH. The referral may
specify that SOAH should prepare a recommendation on the sole question of
whether the request meets the requirements of this subchapter . . . . If the
commission refers the hearing request to SOAH it shall be processed as a
contested case under the APA.


30 Tex. Admin. Code § 55.27(a).


as free to submit written comments, data, and other information to
support his position that the hearing request should be granted. See 30 Tex. Admin. Code
§ 55.26(f). In a letter sent to Grissom and all the other parties interested in United Copper's
permit application, the Commission stated that, although it would not permit oral argument or
public comment at the meeting on the issue of whether the request should be granted, it might
wish to use the public meeting as a forum to ask questions of the person requesting the hearing. 
The letter also stated that the Commission's decision would be based on "the hearing requests,
written responses to the hearing request, any written replies to those responses, and any response
to questions." (Emphasis added.) Thus, Grissom could have offered evidence in support of his
request or otherwise challenged United Copper's objections to his request at any time up to six
days before the Commission meeting. See id. Although Grissom's ignorance of the evidentiary
requirement at the time he first submitted his request is quite understandable, his failure to offer
competent evidence after receiving United Copper's written response to his request is not so easily
excused. After all, United Copper's response specifically referred to and discussed at length
Grissom's failure to support his request with competent evidence as required by the Water Code.

 Furthermore, Grissom was free to attend the public meetings held for the purpose
of receiving public comment on the permit application, as well as the very meeting where the
Commission evaluated his request. At the latter meeting, Grissom could have responded to any
questions the Commission might have had concerning his request. Despite these opportunities,
Grissom chose not to offer any evidence in support of his request or to otherwise respond to the
challenges United Copper had made to his request. For this reason, I disagree that Grissom was
deprived of a meaningful opportunity to offer evidence in support of his request.

 In light of the clear legislative mandate that those requesting administrative hearings
before the TNRCC support their requests with competent evidence, and in the absence of any
constitutional, statutory, or regulatory provision requiring the Commission to hold a hearing to
make this preliminary determination, I cannot agree that the Commission's decision to deny
Grissom's request on this basis was invalid, arbitrary, or unreasonable. I would therefore sustain
appellant's second issue, reverse the district court's judgment, and render judgment affirming the
Commission's order.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Filed: May 18, 2000

Publish

1. Section 55.27 provides that upon evaluating the hearing request at the scheduled hearing,
the Commission may: